IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEAN M. KINCAID,

        Plaintiff,

v.       No. 09-1378 WEB

CESSNA AIRCRAFT COMPANY,

        Defendant.

**MEMORANDUM AND ORDER**

This action comes before the court on Defendant's Motion for Partial Dismissal of Plaintiff's claims (Doc. 12). Although Defendant originally sought the dismissal of Counts 2 and 5 of Plaintiff's Complaint, the parties have agreed to a Stipulation of Partial Dismissal (Doc. 14) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The one remaining claim that the Defendant's motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), seeks to dismiss is Plaintiff's Cause of Action 4–a claim of interference under the Family and Medical Leave Act ("FLMA") 29 U.S.C. § 2601. Plaintiff has filed a response and argues that she "clearly states a claim for interference with her FMLA rights and privileges under entitlement theory..." Doc. 15, p. 6.

## DISCUSSION

The purpose of a Federal Rules of Civil Procedure Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint-- assuming all the factual allegations in the complaint are true. *Mobley v. McCormick*, 40 F.3d. 337, 340 (10th Cir. 1994). When making this determination, the court must evaluate whether the complaint contains enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 1969, 1974, 167 L.Ed.2d. 9226 (2007). However, Rule 12 (b)(6) does not require detailed factual allegations, but the complaint must set forth enough facts that, if true, entitle the plaintiff to relief. *Id.,* 127 S.Ct. at 1964-65. This requires more than mere labels, conclusions or a formulaic recitation of the elements of a cause of action. *Id.*

Essentially, to survive a 12(b)(6) motion to dismiss, the plaintiff must allege enough facts–that if true–would be sufficient to state a claim which is "plausible"–not merely conceivable–on its face. *See id.* at 1974. In its determination, the court must accept the plaintiff's facts alleged in the complaint as true, even if they appear questionable. *Id.* at 1965. Additionally, the court must make reasonable inferences in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (internal citations omitted). But the factual allegations still "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. "The mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this

plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.1999) (quotation omitted).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Courts have held that this requirement "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. A complaint is also insufficient if it includes "naked assertion[s]" absent "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.

For background purposes, this case is an employment discrimination lawsuit based on alleged violations of Plaintiff's rights under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.,* the Kansas Act Against Discrimination ("KAAD"), K.S.A. § 44-1001 *et seq.,* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Subject matter jurisdiction is based upon 28 U.S.C. § 1331 and

28 U.S.C. § 1368. In Count 1, Plaintiff alleges that Defendant has violated the ADA and KAAD by discriminating against her because of her alleged disability. In Count 3, Plaintiff alleges she was subjected to retaliation for making a worker's compensation claim. In Count 4, Plaintiff alleges Defendant has violated the FMLA by interfering with her exercise of rights under the FMLA. Plaintiff's Counts 2, 5, and 6 have been previously dismissed by stipulation. Defendant denies that any discrimination against Plaintiff occurred and further denies it interfered with the exercise of Plaintiff's FMLA rights. Defendant further states that it had legitimate, non-discriminatory business reasons for its actions and that it complied with all applicable requirements of the ADA, KAAD, and FMLA.

Defendant's motion asserts that Plaintiff is not entitled to relief under the facts pled because she "fails to allege that: (1) any request for FMLA leave was denied or interfered with by Cessna; (2) she was discharged prior to being allowed to utilize her FMLA leave; or (3) her leave of absence was related to or caused by a request for FMLA leave." Doc. 13, p. 2.

The following facts are alleged in the Complaint with regard to Cause of Action 4: FMLA Interference:

> 43. In November 2008, Plaintiff had been employed by Cessna for a period exceeding one-year and Plaintiff had worked in excess of 1,250 hours in the 12-month period immediately preceding.
> 44. Cessna is an employer under the FMLA.
> 45. Plaintiff's work absences in November 2008, were due to a serious health condition for which she was hospitalized and was incapacitated for a period exceeding three days.

> 46. Plaintiff was entitled to FMLA leave because [of] her own serious medical condition.
> 47. Plaintiff properly followed Cessna's procedures relating to notice, requesting and designating FMLA leave.
> 48. Cessna interfered with, restrained, and/or denied Plaintiff's entitlement to rights under the FMLA, to wit, twelve workweeks of leave within the relevant fifty-two week period, by discharging Plaintiff from employment in spite of having received a full return to work release from Plaintiff's treating physicians.

Doc. 1, ¶¶ 43-48.

The court will make reasonable inferences in favor of the plaintiff. *See, Tal v. Hogan,* 453 F.3d 1244, 1252 (10th Cir. 2006). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Twombly,* at 1955) (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation." (internal quotation marks omitted)).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

Paragraph 48 of the complaint contains almost identical language to the description of prohibited interference in the regulations: "The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or

5

inquiries relating to an employee's rights....An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act." 29 C.F.R. § 825.220 (a). (*See,* Complaint, ¶48: "Cessna interfered with, restrained, and/or denied Plaintiff's entitlement to rights under the FMLA, to wit, twelve workweeks of leave within the relevant fifty-two week period, by discharging Plaintiff from employment in spite of having received a full return to work release from Plaintiff's treating physicians.")

"To establish an FMLA interference claim, 'the plaintiff must demonstrate: (1) that ... she was entitled to FMLA leave, (2) that some adverse action by the employer interfered with ... her right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of [her] FMLA rights.'" *Defreitas v Horizon Investment Mgt. Corp.,* 577 F.3d 1151, 1159 (10th Cir. 2009) (*quoting Metzler v. Fed. Home Loan Bank of Topeka,* 464 F.3d 1164, 1180 (10th Cir. 2006)(internal quotations omitted).

Defendant alleges that the Plaintiff's pled facts fail to establish evidence that Kincaid can meet the second and third prongs of a prima facie FMLA interference claim. According to the record, Plaintiff has used both intermittent and block FMLA leave from the beginning of her employment with the Defendant. *See* Complaint, ¶¶ 12, 14, Doc. 1. Plaintiff alleges that she was denied her right to twelve workweeks of leave time within a fifty-two week period. *Id.* at ¶ 48. Defendant claims that Plaintiff fails to allege that she ever made a request for FMLA leave that was denied. Doc. 13, p. 9 (citing Complaint, ¶¶

45-47). Defendant asserts that Plaintiff does not allege any facts that Defendant placed her on medical leave of absence to prevent her from utilizing FMLA leave or that the leave was because of a request for FMLA leave. Doc. 13, p. 9. Defendant argues that absent allegations to support a reasonable belief that facts will establish that Defendant interfered with or denied a request by Plaintiff for FMLA leave and/or that some action was taken by Defendant due to Plaintiff's use of said leave, her FMLA claim of interference should be dismissed. *Id.*

"Under this theory, a denial, interference, or restraint of FMLA rights is a violation regardless of the employer's intent." *Metzler,* 464 F.3d at 1180. An employer can defend against this claim by showing that "the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave." *Defreitas v Horizon Investment Mgt. Corp.,* 577 F.3d 1151, 1159-60 (10th Cir. 2009) (*quoting Metzler v. Fed. Home Loan Bank of Topeka,* 464 F.3d 1164, 1180 (10th Cir. 2006) (internal quotations omitted).

The Defendant further claims that it had legitimate, non-discriminatory business reasons for its actions and that it complied with all applicable requirements of the ADA, KAAD, and FMLA.

As the Supreme Court held in *Iqbal,* "threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. The Plaintiff does not make any factual allegations of how Cessna "interfered with, restrained, and/or denied" her entitlement to FMLA. Complaint, ¶ 48.

In order to establish a claim for FMLA interference, "'the plaintiff must

7

demonstrate: (1) that ... she was entitled to FMLA leave, (2) that some adverse action by the employer interfered with ... her right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of [her] FMLA rights.'" *Defreitas v Horizon Investment Mgt. Corp.,* 577 F.3d 1151, 1159 (10th Cir. 2009) (*quoting Metzler v. Fed. Home Loan Bank of Topeka,* 464 F.3d 1164, 1180 (10th Cir. 2006)(internal quotations omitted).

Although the Plaintiff may well have established that she was entitled to FMLA leave, she has not pled enough facts to support her claim for FMLA interference. She was returned to work after her FMLA leave. She was placed on involuntary leave without pay a month and one week after returning. Plaintiff does not allege how, or even if, this involuntary leave was related to her taking her FMLA leave. She does not allege an adverse action by Cessna that interfered with her right to take FMLA leave. She does not allege that she ever had a request for FMLA leave denied. While the Court will make reasonable inferences from the facts pled in the complaint, it will not dream up facts that *could* support the claim *if* pled.

In the absence of sufficient allegations to support a reasonable belief that facts will establish that Defendant interfered with or denied a request by Plaintiff for FMLA leave and/or that some action was taken by Defendant due to Plaintiff's use of said leave, her FMLA claim of interference is dismissed. Therefore, the Defendant's Motion for Partial Dismissal of Plaintiff's Claims (Doc. 12) is GRANTED as to Cause of Action 4.

The Plaintiff's response to the Defendant's Motion to Dismiss, dated February 4,

2010, states that "[a]lthough Plaintiff did not plead FMLA retaliation in the Complaint as a separate cause of action...plaintiff intends to amend the complaint to include such a claim, and moves the Court for leave to do so." Doc. 15, p.7.

The Court notes that today, September 30, 2010, the Plaintiff filed a Motion to Amend Complaint (Doc. 27). The Court has reviewed Cause of Action 4, FMLA Interference, in the proposed amended complaint, and this order applies to both the original complaint as well as the proposed amended complaint. The Court also notes that the proposed amended complaint includes an additional cause of action for FMLA Discrimination or Retaliation that was not covered by the Motion to Dismiss.

## CONCLUSION

IT IS ORDERED that the Defendant's Motion for Partial Dismissal of Plaintiff's Claims (Doc. 12) be GRANTED as to Cause of Action 4. Cause of Action 4 of the complaint and proposed amended complaint will be dismissed in accordance with this order.

IT IS FURTHER ORDERED that the Defendant's Motion for Partial Dismissal of Plaintiff's Claims as to Cause of Action 2 and Cause of Action 5 are MOOT per the Stipulation of Partial Dismissal of Plaintiff's Complaint (Doc. 14) filed February 4, 2010.

IT IS SO ORDERED this 30th day of September 2010, at Wichita, Kansas.

s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge